## Ex Parte Halpine.

MURDER.—*Habeas Corpus.*—*Bail.*—*Evidence.*—Upon an application by writ of *habeas corpus* by one indicted for murder in the first degree to be admitted to bail, it having appeared in evidence that the deceased kept a saloon; that the prisoner on the same evening had taken several drinks of whisky just before he came to the saloon of the deceased and entered the same, where he remained about two hours before the commission of the fatal act; and that during that time he took a number of drinks of beer, and was somewhat

intoxicated; the prisoner, at the proper time, introduced a witness who testified that he knew the deceased, and had often bought liquor of him. The prisoner then offered to prove by said witness that he, the witness, had frequently bought liquor of the deceased about and just before the time of said homicide; that the liquors which were kept and there offered for sale by the deceased were of a poisonous and noxious character; that they fired the brain of the witness and made him wild; and that once, while under the influence thereof, he was so frenzied thereby that he came near killing his own father by violence.

*Held*, that the offered evidence was properly rejected.

APPEAL from the Judge of the Floyd Common Pleas.

ELLIOTT, J.—Halpine was indicted in the Clark Circuit Court for murder in the first degree. The case was taken, on a change of venue, to the Floyd Circuit Court, in which county Halpine was in the custody of the sheriff, and imprisoned in the jail thereof, on said indictment, and sued out a writ of *habeas corpus* before the Judge of the Court of Common Pleas of said county, for the purpose of being let to bail. Upon the return of the writ, the issue of fact formed and tried was, whether the proof was evident and the presumption strong that the prisoner was guilty of murder. The issue was found against the prisoner, and he was remanded to jail, and appeals to this court.

Upon the hearing below, it appeared in evidence that Menck, the deceased, kept a saloon in Jeffersonville; that the prisoner, on the same evening, and just preceding the time when he came to the saloon of the deceased, had taken several drinks of whisky before he entered the saloon of the deceased, where he remained about two hours before the commission of the fatal act; and that during that time he took a number of drinks of beer, and was somewhat intoxicated. And the prisoner, at the proper time, introduced one John Frank as a witness, who testified that he knew the deceased, and had often bought liquor of him. The prisoner then offered to prove by said witness that he, the witness, had frequently bought liquor of the deceased about and just before the time of said homicide; that the liquors which were kept and there offered for sale by the deceased

were of a poisonous and noxious character; that they fired the brain of the witness and made him wild; and that once, while under the influence thereof, he was so frenzied thereby that he came near killing his own father by violence. But the judge refused to hear the evidence, and that refusal is assigned for error.

We think the evidence was properly rejected. Aside from the fact that it was not proposed to show that the liquor referred to was even of the same description as that drank at the deceased's by the prisoner—beer—the evidence, in its very nature, did not reasonably tend to either establish or disprove any material fact involved in the case. It could, at most, but open a wide field of speculation, without tending to any certain or satisfactory conclusion. It may, perhaps, be said of all liquors that intoxicate, that, with many at least, they fire the brain, inflame the passions, and incite.to crime, as the records of our courts too often show.

The only remaining error assigned is, that the evidence does not sustain the finding of the judge, and the refusal to let the prisoner to bail.

The evidence is somewhat lengthy, and a review of it in this opinion could answer no beneficial purpose, and might possibly tend to prejudice the rights. of the prisoner on a final trial. We have given it a careful and attentive examination, and do not find it of such a character as to justify us in reversing the judgment of the judge below in refusing to let the prisoner to bail.

The judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*J. H. Stotsenburg, T. M. Brown*, and *J. G. Howard*, for appellant.

*D. E. Williamson*, Attorney General, and *R. M. Weir*, for the State.