*G. V. Howk* and *C. D. Howk*, for appellant.

*J. G. Howard* and *J. F. Read*, for appellees.

---

## Ex Parte Colter.

| 35 | 109 |
|147 | 34|

CRIMINAL LAW.—*Murder in Second Degree not Bailable.*—Where the proof is evident, or the presumption strong, murder in the second degree is not a bailable offense.

APPEAL from the Hon. SCOTT CARTER, Judge of the Fifth District, sitting in Franklin Circuit Court.

DOWNEY, C. J.—Colter was indicted for murder in the second degree, and having been arrested, made application by *habeas corpus* to be let to bail. After a hearing, the judge refused to let him give bail, and remanded him to prison. From that decision he appeals.

It is insisted that murder in the second degree is always a bailable crime. The constitution provides, that "offenses, other than murder or treason, shall be bailable by sufficient

sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong." Art. 1, sec. 17. It is supposed that the word "murder" used in this section must be understood as at common law, where there were but two degrees of felonious homicide, murder and man-slaughter.

The provision in the constitution of 1816, on this subject, was as follows: "That all persons shall be bailable by suffi-cient sureties, unless for capital offenses, where the proof is evident, or the presumption great," etc. Art. 1, sec. 14.

The division of murder into two degrees was first made in this State in the statute of 1843, which had been in force for some six or seven years at the time of the formation of our present constitution. While the convention which formed that instrument was making the change, which we have seen was made in the language of the section in question, it must be presumed, we think, that they meant to adapt it to the definition of murder as it then existed in the statute, and consequently intended to embrace, by the term murder, both degrees of that crime. It follows that in cases of murder in the second degree, where the proof is evident or the pre-sumption strong, the offense is not bailable.

The evidence on which the judge acted in refusing bail is set out in a bill of exceptions. We have examined it, and are not inclined to disturb the action of the judge below in refusing to let the prisoner to bail, and remanding him to custody.

The judgment is affirmed, with costs.

*B. F. Claypool, J. M. Wilson, W. Morrow, N. Trusler,* and *H. Berry,* for appellant.

*B. W. Hanna* Attorney General, for the State.