## Ex Parte Jones et al.

CRIMINAL LAW.—*Habeas Corpus.*—*Bail.*—*Murder.*—Where a defendant is confined in jail upon an indictment for murder, he is entitled to be admitted to bail, on petition therefor, upon showing either that the proof of his guilt 'is not evident, or, that the presumption of his guilt is not strong.

SAME.—*Burden of Proof.*—Upon the hearing of such petition, the burden of proof is upon the defendant.

SAME.—*Presumption.*—Upon the hearing of such petition, the presumption of law is against, not in favor of, the defendant's right to be admitted to bail.

Fom the Monroe Circuit Court.

*C. F. McNutt, J. W. Tucker, G. O. Iseminger, J. W. Gordon, W. C. Lamb* and *S. M. Shepard,* for appellants.

*R. W. Miers, G. W. Friedley* and *C. A. Buskirk,* Attorney General, for the State.

Howk, J.—At the November term, 1876, of the court below, Alonzo B. Jones, Lee Jones and Milton P. Toliver, the appellants, and one Thomas Toliver filed their petition or complaint, duly signed and verified, praying therein for the issue of the writ of *habeas corpus*, in their behalf.

In their petition the said petitioners alleged, in substance, that they were then, each and all, restrained of their liberty by Williamson M. Alexander, sheriff and jailer of Monroe county, Indiana; that they were so restrained of their liberty in the common jail of said county, in the city of Bloomington, in said Monroe county; that they were so restrained of their liberty, by said sheriff and jailer, in said jail, upon a charge of having, on the 2d day of March, 1875, at the county of Orange, Indiana, feloniously, purposely and with premeditated malice, unlawfully killed and murdered Thomas Moody, by shooting him, the said Moody, the said charge being preferred upon an indictment returned by the grand jury of said Orange county; that they are not, nor is either of them, guilty of said crime so charged, and that they had been committed to said jail, without bail or the right to bail, when, in truth and in fact, the proof against them was not evident, nor the presumption of their guilt strong, nor was the proof against any of them evident, nor the presumption strong. Wherefore, they and each of them prayed the court below, that a writ of *habeas corpus*, in their behalf, might be issued to said sheriff and jailer, and that they might have a hearing thereon as to whether they ought to be admitted to bail, and that, upon such hearing, they might be adjudged to be entitled to bail, and for all other proper relief.

Upon the filing of said verified petition, by the order of the court below thereon, a writ of *habeas corpus* was duly issued to the sheriff and jailer of said Monroe county, commanding him to have the bodies of said peti-

tioners before the judge of said court, on the 11th day of December, 1876, at the court-house of said county, in Bloomington, to do and receive what should be ordered concerning them. At the time and place named in said writ, the said sheriff and jailer made return thereof in writing, in substance, that he had the bodies of the said petitioners in court, and that the authority by which he held them was an order of the Orange circuit court, made in the case of the State of Indiana against the said petitioners, on an indictment for murder in the first degree, changing the venue of said case to said Monroe county, and a copy of said indictment and orders and proceedings of said Orange circuit court, and of the Monroe circuit court, in said cause, were filed with and made part of said return to said writ.

The copy filed with said return showed the truth of the sheriff's return, and that the petitioners were lawfully in his custody, under an indictment for murder in the first degree, duly and legally found in the Orange circuit court, against said petitioners and one Eli Lowery. Upon this return, a hearing was had by the court below. And this hearing resulted in the finding and judgment of the court below, that said Thomas Toliver was entitled to and should be admitted to bail, in the sum of twenty thousand dollars, and that the appellants were not entitled to bail, and should stand committed, without bail or right of bail, to await their final trial; to which finding and judgment appellants severally excepted.

Thereupon the appellants moved the court below, in writing, for a new trial or hearing of their said petition, for the reason that the finding and judgment of the court, in refusing them the right to bail, was contrary to law and the evidence. This motion was overruled, and to this decision appellants excepted. The evidence before the court below, upon the hearing of this cause, is properly in the record.

In this court, the appellants have assigned the following alleged errors:

1st. The court below erred in refusing to admit said appellants to bail, there being no evident proof nor strong presumption of their guilt, as charged in the indictment, of murder, or of any other non-bailable crime;

2d. The court erred in refusing to grant the appellants a new trial, as moved by them.

In our opinion, the real question presented for our consideration, by the record of this cause, and by appellants' assignment of errors thereon, is this:

Are the finding and decision of the court below sustained by sufficient evidence?

The appellants do not complain of any errors of law, occurring at the hearing. But the only question submitted for our decision is purely a question of fact.

By the 17th section of the bill of rights, in our State constitution, it is provided as follows:

"Sec. 17. Offences, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong." 1 R. S. 1876, p. 23.

It will be observed from the language of this section, that, as a general rule, murder and treason shall not be bailable; but, by a fair and logical construction of the language used, it may be well said that either murder or treason shall be bailable, in either one of two cases:

1st. When the proof is not evident;

2d. When the presumption is not strong.

In either one of these two separate and distinct cases, the offence shall be bailable. When, however, the proof is evident, or when the presumption is strong, of the guilt of the accused of either murder or treason, then, in either case, the provision of the section, cited from the bill of rights, is, that the offence shall not be bailable.

In the petition filed in this cause, in the court below, the appellants alleged, as matters of fact:

1st. That the proof of the guilt of any of them, of the felony whereof they were charged, was not evident; and,

2d. That the presumption of the guilt of any of them, of said felony, was not strong.

Upon the truth of these two allegations in their petition, the appellants have founded and still found their right to bail. In this cause, no presumption of law exists in favor of the appellants' right to bail. An indictment for murder, duly returned, implies, *prima facie*, that the parties indicted have no right to bail. This is so, even where the indictment is for murder in the second degree. *Ex parte Colter*, 35 Ind. 109.

When, therefore, the appellants filed their petition in the court below, praying, for the causes therein alleged, that they might be admitted to bail, they assumed the burden of showing, by the evidence, that the proof of their guilt was not evident, and that the presumption of their guilt was not strong. *Ex parte Heffren*, 27 Ind. 87.

The evidence in this cause is exceedingly long and voluminous. The questions presented by the record have been ably and elaborately discussed before us, by counsel learned in the law and skilled in legal argument. We have examined the evidence, and we have heard and considered the arguments of counsel, both oral and written, with that degree of care and patience, which, we think, the importance of the case demands at our hands. And our conclusion is, that this court ought not to disturb the finding and judgment of the court below, committing the appellants to jail, without bail or the right of bail, to await their final trial.

The judgment is affirmed, at the costs of the appellants.