## Ex Parte Sutherlin.

CRIMINAL LAW.—*Bail.*—*Habeas Corpus.*—*Weight of Evidence.*—*Supreme Court.*—On appeal to the Supreme Court from the decision of a judge, upon the application of a person charged with a crime to be admitted to bail, the evidence will be weighed without regard to the finding of the judge.

SAME.—*Murder.*—*When Defendant Admitted to Bail.*—On such application, by a defendant confined in jail on an indictment for murder, if from the evidence the proof of his guilt be not evident, or the presumption thereof not strong, he should be admitted to bail.

From the Judge of the Parke Circuit Court.

*S. D. Puett, D. E. Williamson* and *A. Daggy*, for petitioner.

*C. A. Buskirk,* Attorney General, *D. A. Roach,* Prosecuting Attorney, *J. E. Humphries* and *A. T. White,* for the State.

NIBLACK, J.—At the March term, A. D. 1877, of the Parke Circuit Court, Warren Goddard, James Goddard, William Goddard, Scott Sutherlin, under the name of Scott Sutherland, and George Cox, were indicted for the murder of George Vanfossin.

On the 29th day of June, A. D. 1877, Sutherlin, being then in the custody of the sheriff, and confined in the common jail of Parke county under said indictment, sued out a writ of *habeas corpus,* for the purpose of being let to bail, which writ was made returnable the next day before the judge of the Parke Circuit Court aforesaid. On the return of the writ, the question presented was, whether the proof was so evident, and the presumption of guilt so strong, as to justify the longer detention of the prisoner without bail. After hearing the evidence, the judge refused to admit the prisoner to bail, and remanded him to the custody of the sheriff. The prisoner excepted, and has appealed to this court.

The case comes before us on the evidence, and this court is required to weigh the evidence without regard to the finding of the judge below. *Ex Parte Heffren,* 27 Ind. 87; *Ex Parte Moore,* 30 Ind. 197.

The evidence is in the record, and is quite voluminous.

To set it out here, and to comment upon it in detail, might tend to prejudge the case on the final trial. We shall not, therefore, attempt even a synopsis of the evidence, or any extended review of it. We have, however, examined and considered it very carefully.

Taking all the facts and circumstances into consideration, we have come to the conclusion that the proof was not so evident, or the presumption so strong, as to justify the judge, on the hearing below, in refusing to admit the prisoner to bail, and that, consequently, the judge erred in so refusing.

The judgment below is reversed, and the cause remanded, with instructions to the judge of the Parke Circuit Court to let the prisoner to bail.