---

## Ex Parte Hock.

Murder.—*Habeas Corpus.*—*Bail.*—Where a person is in custody under an indictment charging murder in the first degree, such person is entitled to be admitted to bail, when the evidence, upon the hearing of his petition for a writ of habeas corpus, shows that the killing charged in the indictment was the result of a combat entered into upon a sudden heat and without any previous acquaintance between the petitioner and the deceased, and when the proof as to the guilty intent of the petitioner to take the life of the deceased is not clearly evident.

From the Judge of the Clinton Circuit Court, in vacation.

*N. R. Linsday* and *S. O. Bayless*, for appellant.

*T. W. Woollen*, Attorney General, *W. R. Moore*, Prosecuting Attorney, and *J. Claybaugh*, for the State.

Niblack, J.—Lewis Hock was at the October term, 1879, of the Clinton Circuit Court, indicted for the murder of John A. Thompson.

The indictment charged Hock with having killed Thompson on the 29th day of August, 1879, under cir-

cumstances constituting the killing murder in the first degree.

On the 11th day of November, 1879, Hock being then in the custody of the sheriff of Clinton county, and confined in the jail of that county, upon the charge thus preferred against him, applied by petition to the judge of the said Clinton Circuit Court for a writ of *habeas corpus* to be let to bail, claiming that he was not guilty as charged in the indictment. A writ of *habeas corpus* was accordingly issued, returnable the same day, before said judge.

The sheriff having made proper return to such writ, the judge proceeded soon afterward to hear the evidence adduced on behalf of the petitioner as well as on the part of the State. On the 15th day of November, 1879, after having heard the evidence, the judge made an order refusing to let the petitioner to bail and remanding him to the custody of the sheriff. The petitioner excepted to the decision of the judge and has appealed to this court.

The evidence is in the record and has been by us carefully examined and considered. The killing charged in the indictment was shown to have been the result of a combat entered into upon a sudden heat and without any previous acquaintance between the petitioner and the deceased.

While many of the witnesses made the conduct of the petitioner towards the deceased appear to have been in some respects brutal and indefensible, we think the proof as to the guilty intention of the petitioner to take the life of the deceased was not so evident as to justify the further imprisonment of the petitioner without bail.

We are therefore of the opinion that the judge erred in his refusal to admit the petitioner to bail.

The judgment is reversed, and the cause is remanded with instructions to the judge of the Clinton Circuit Court to let the petitioner to bail.