In the case of *The Toledo, etc., R. W. Co.* v. *Daniels*, 21 Ind. 256, the bill of exceptions recited the exact words of a verbal charge, and it was insisted that this was a substantial compliance with the statute ; but the court held otherwise, saying that "The statute  * * requires the court, when asked for written instructions, to reduce them to writing, and then give them, as written, to the jury."

The failure to reduce the charges to writing, before they are given to the jury, is not a compliance with the statute, and these cases show, that to do so afterward does not cure the error.

No error was committed in overruling the motion for a new trial for the third cause assigned.   It does not appear that the instructions prepared by the defendant's counsel were read to the jury, and, therefore, the appellant was not injured by the statement of the court to the jury, that they were prepared by the defendant's counsel.   Generally such a statement would not be prejudicial to a party, but the language employed by the court in this case was, we think, objectionable.

For the error in giving the instructions orally the case should be reversed.

· PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellee.

---

No. 9555.

## Ex Parte Bare.

From the Judge of the Posey Circuit Court.

*E. M. Spencer* and *W. Loudon*, for appellant.
*W. H. Gudgel*, Prosecuting Attorney, for the State.

Winchel *et al. v.* Howard *et al.*

Woods, J.—The appellant, who had been committed to jail upon a charge of murder in the first degree, applied to the judge of the circuit court for a writ of *habeas corpus*, for the purpose of obtaining an order that he be discharged, or let to bail. After hearing the evidence, the judge refused either to discharge or to let to bail, and remanded the applicant to await the action of the grand jury.

The only question made upon the record is, whether upon the evidence adduced the prisoner should have been allowed to give bail; and, under the constitution, the question resolves itself into the inquiry whether the proof of the appellant's guilt is evident, or the presumption strong.

We have weighed the evidence with care, and deem it sufficient to say that in our judgment the judge of the circuit court erred in refusing to admit the accused to bail.

The order of refusal is reversed, and the matter remanded, with instructions to permit the petitioner to give bail in such reasonable sum as may be fixed by the judge of the circuit court.

The clerk is directed to certify this decision immediately.

———◆◆◆———

## No. 7478.

## Kelsey *v.* McLaughlin.

From the Tippecanoe Circuit Court.

*E. C. Snyder*, for appellant.
*R. C. Gregory* and *W. B. Gregory*, for appellee.

Woods, J.—In the case of *Ward* v. *Haggard*, 75 Ind. 381, this court held that the assignee of a judgment, rendered upon an endorsed promissory note, could not maintain an action against the endorser of the note. Such was the action of the appellee in this case. The court erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs, and cause remanded, with instructions to sustain the demurrer to the complaint.

———◆◆◆———

## No. 8163.

## Winchel et al. *v.* Howard et al.

From the Grant Circuit Court.

*J. L. Custer*, for appellants.
*J. F. McDowell* and *G. L. McDowell*, for appellees.

Newcomb, C.—The appellants filed their complaint to vacate and set aside an order for the taxation of costs, made at a preceding term of the