The State, *ex rel.* Manchester Township, *v.* Haynes.

## No. 10,088.

### Ex Parte Walton.

From the Decatur Circuit Court.

*E. P. Ferris, W. A. Moore, W. W. Spencer* and *J. S. Ferris,* for appellant.

*D. P. Baldwin,* Attorney General, *M. D. Tackett,* Prosecuting Attorney, and *J. D. Miller,* for the State.

Howk, J.—At the February term, 1882, of the Decatur Circuit Court, an indictment was duly returned against Ellen V. Walton, charging her with murder in the first degree, as an accessory before the fact. Being in the custody of the sheriff of Decatur county, under said indictment, she presented her petition to the court below for a writ of *habeas corpus,* in order that she might be admitted to bail. The grounds of her application were, that the proof was not evident, nor the presumption strong, of her guilt of the offence wherewith she was charged. The court granted the writ, and upon a full hearing of all the evidence, as well for the State as for the petitioner, made an order refusing to admit her to bail, as prayed for in her petition. To this ruling she excepted at the time, and has appealed therefrom to this court.

All the evidence is in the record, and under the established practice of this court, in such cases, which we can not see any good reason for departing from in this case, we must weigh this evidence and determine the question presented by the petition, without special regard to the finding and decision of the circuit court. *Ex Parte Heffren,* 27 Ind. 87; *Ex Parte Moore,* 30 Ind. 197; *Ex Parte Sutherlin,* 56 Ind. 595.

We have carefully examined and considered the evidence, having been much aided therein by the able and elaborate arguments, oral and written, of the counsel for the State and for the petitioner. Upon due consideration of the evidence, and of the arguments of counsel, we are of the opinion that the proof is not evident nor the presumption strong of the guilt of the petitioner of the offence charged against her. Our conclusion is, therefore, that the court erred in its refusal to admit the petitioner to bail.

The order and judgment are reversed, and the case is remanded, with instructions to admit the petitioner to bail.

Elliott, C. J., and Woods, J., dissent, and say that, in their opinion, the evidence shows a strong presumption of the guilt of the petitioner, and that, for this reason, she ought not to be admitted to bail.

---

## No. 8743.

### The State, ex rel. Manchester Township, *v.* Haynes.

From the Dearborn Circuit Court.

*H. D. McMullen, D. T. Downey* and *M. A. Spooner,* for appellant.

*J. D. Haynes, J. K. Thompson* and *J. Schwartz,* for appellee.

Newcomb, C.—The complaint, answers, replies, demurrers and rulings of the court below are in all respects the same as in the case of *The State, ex rel. Manchester School Township,* v. *Haynes, ante,* p. 294, except that the defalcation charged is but $127.03, and is alleged to be due to the civil township.

For the reasons given in that case the judgment in this should be reversed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and the same is, in all things reversed, at the costs of the appellee, and that said cause be remanded to the Dearborn Circuit Court for further proceedings in accordance with said opinion.