Ex Parte Kendall *et al.*

Filed Feb. 20, 1885.

---

No. 12,172.

EX PARTE KENDALL ET AL.

CRIMINAL LAW.—*Murder.*—*Admission to Bail.*—*Habeas Corpus.*—*Supreme Court.*—*Practice.*—In a proceeding by *habeas corpus* by a party indicted for murder to be admitted to bail, the Supreme Court, upon appeal by the petitioner, will examine and pass upon the evidence.

SAME.—*Burden of Proof.*—An indictment for murder implies *prima facie* that the accused has no right to bail, and the burden is upon him to show that the proof of his guilt is not evident, and that the presumption of his guilt is not strong.

From the Dubois Circuit Court.

*W. A. Traylor, W. S. Hunter* and *C. H. Mason,* for appellants.

*F. T. Hord,* Attorney General, *J. L. Bretz,* Prosecuting Attorney, and *O. A. Trippet,* for the State.

ZOLLARS, C. J.—Being charged in an indictment with murder in the first degree, appellants were committed and are held in jail. By a proceeding in *habeas corpus,* instituted in the court below, they sought to be admitted to bail. Upon the hearing this was refused, and they were remanded into custody. They appeal. The case is before us upon the evidence, and it is our duty, in a case of this kind, to examine and pass upon it. *Ex Parte Heffren,* 27 Ind. 87; *Ex Parte Sutherlin,* 56 Ind. 595; *Ex Parte Walton,* 79 Ind. 600.

An indictment for murder duly returned implies *prima facie* that the parties indicted have no right to bail. *Ex Parte Jones,* 55 Ind. 176. The burden is upon appellants to show that the proof of their guilt is not evident, and that the presumption of their guilt is not strong. *Ex Parte Jones, supra; Ex Parte Heffren, supra.*

Following the oral testimony of the witnesses, there is in the bill of exceptions a statement by the prosecuting attorney that one of the State's witnesses was absent, and also a statement as to what the testimony of the witness would be if present. Without establishing any rule to be followed generally in cases of this character, we have, for the purposes of this case, considered what the absent witness might testify to, as stated by the prosecuting attorney, in connection with the other testimony upon the hearing. Thus considering it, and all the testimony upon the hearing, and applying the above rules to the case, we are of the opinion that appellants should have been admitted to bail.

It is not necessary for us to extend this opinion by setting out the evidence. We know of no good purpose that will be subserved by doing so. Inasmuch as the parties are yet to be tried upon the merits of the case, it seems more proper that the evidence should not be set out.

The judgment is reversed, with instructions to the court below to admit appellants to reasonable bail.

Filed March 14, 1885.