No. 12,393.

## EX PARTE RICHARDS.

HABEAS CORPUS.—*Practice.*—*Judgment.*—In a *habeas corpus* proceeding a formal judgment is not required to be entered.

SAME.—*Appeal.*—Where, in a *habeas corpus* proceeding, the record shows a decision of the court below refusing to admit the petitioner to bail, the petitioner may appeal from such decision to this court, notwithstanding the fact that no formal judgment has been rendered in the proceeding.

SAME.—*Burden of Proof.*—In a *habeas corpus* proceeding the burden of proving the allegations in the petition is on the petitioner.

From the Perry Circuit Court.

*C. H. Mason* and *W. Henning*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

HOWK, J.—On the 18th day of May, 1885, the appellant Charles Richards was arrested upon a warrant issued by the coroner of Perry county, charging him with the murder of one Reuben Johnson, at such county, on the 17th day of May, 1885. He was taken before a justice of the peace of the county, and, upon an examination then had, he was committed to the county jail upon such charge without bail. On the same day he presented his verified petition to the Honorable George L. Reinhard, judge of the Perry Circuit Court, in vacation, alleging therein that his killing of Reuben Johnson was in his own just and proper self-defence; that the proof of his guilt of murder was not evident nor the presumption strong, and that he was entitled by law to be let to bail, and praying for the issue of a writ of *habeas corpus*, and a hearing thereon. The writ was issued accordingly, and, upon the hearing had thereon, the honorable judge aforesaid refused to let the prisoner Richards to bail.

From this decision Richards has appealed to this court and has here assigned, as error, the refusal of the judge of the Perry Circuit Court to let him to bail.

On behalf of the State, the attorney general has interposed

a motion to dismiss this appeal, upon the ground "that the record does not show any judgment whatever of the court below to appeal from." In section 1120, R. S. 1881, it is provided that in all such cases as the one now before us, "the court or judge shall summon the prosecuting witnesses, investigate the criminal charge, discharge, let to bail, or re-commit the prisoner, as may be just and legal." The statute nowhere requires the entry of any formal judgment in a *habeas corpus* proceeding. It is shown by the bill of exceptions, in the record of this cause, that Judge Reinhard summoned the prosecuting witnesses, investigated the charge of murder against the appellant Richards, and upon all the evidence given in the cause refused to let him to bail. This decision of the judge was a final disposition of the appellant's application to be let to bail, and complied substantially with the requirements of the statute. From this decision Richards had the right to appeal to this court, under section 646, R. S. 1881, and he can not be deprived of this right by any informality in the proceedings or judgment. The motion on behalf of the State to dismiss this appeal is overruled.

In section 17 of the Bill of Rights, in our State Constitution, it is provided that murder or treason shall not be bailable, when the proof is evident or the presumption strong. In this case, as we have seen, Richards admits in his petition that he killed Reuben Johnson, but he alleges that, in so doing, he acted in self-defence, and that the proof of his guilt of murder, in killing Johnson, was not evident nor the presumption strong. The burden of proving the truth of these allegations in his petition, under the decisions of this court, was on the appellant Richards. *Ex Parte Heffren*, 27 Ind. 87; *Ex Parte Jones*, 55 Ind. 176.

The evidence adduced, upon the hearing of appellant's petition, is in the record by a proper bill of exceptions. No good purpose could be subserved by our setting out, in this opinion, even the substance of the evidence, and it would

seem to be improper for us to comment thereon, as the case is yet to be tried. *Ex Parte Sutherlin*, 56 Ind. 595. The cause has been ably argued by appellant's learned counsel and by the attorney general on behalf of the State. We have duly considered and weighed the evidence appearing in the record, as seems to be required by the decisions of this court. *Ex Parte Walton*, 79 Ind. 600, and cases cited. Upon full consideration of the evidence and of the arguments of counsel, we are of opinion that we ought not to disturb the finding and decision of Judge Reinhard in refusing to let the defendant to bail.

The judgment is affirmed, with costs.

Filed June 17, 1885.