## STATE OF INDIANA v. HEDGES.

[No. 22,041.   Filed May 17, 1912.]

1. BAIL.—*Right to.*—Under the provisions of the Constitution, article 1, §17, and of §2025 Burns 1908, Acts 1905 p. 584, one charged with murder is entitled to bail as a matter of right upon proper showing.   p. 590.

2. BAIL. — *Application.*—*Presumptions.*—*Burden.*—On application for bail by one charged with murder, the indictment stands with all its presumptions in favor of its truth until its force is broken by a showing that the grand jury acted on insufficient evidence, and the burden is on the accused to show that the proof of guilt is not evident and the presumption of guilt not strong.   p. 590.

3. BAIL.—*Application.*—*Appeal.*—*Evidence.*—On appeal in proceedings to be let to bail the Supreme Court will weigh the evidence and pass on it as a trial court.   p. 590.

4. BAIL.—*Application.*—*Evidence.*—*Witnesses.*—On application to be let to bail, the rule is that the applicant must introduce the evidence of witnesses indicated by the indictment, and also of such witnesses as the State indicates that it relies on, and he is not precluded from introducing the testimony of any other witnesses.   p. 592.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Application by Caleb Hedges to be let to bail. From an order admitting the applicant to bail, the State appeals. *Affirmed.*

*Thomas M. Honan,* Attorney-General, *Ora A. Davis, Lindsey & Bock* and *Lindsey & Spradley,* for the State.

*Hatfield, Fulling & Hatfield, Roscoe Kiper* and *J. M. Kohlmeyer,* for appellee.

MYERS, J.—Appellee was indicted for murder in the second degree, and on the day of his arrest filed his application to be let to bail, to which appellant filed an answer in general denial, and the matter was heard and appellee admitted to bail.

The issues as claimed by the State on that hearing were, (1) whether the proof of appellee's guilt was evident, or the presumption strong, and (2) whether on that hearing ap-

pellee could, over the objection of the State, introduce the testimony of witnesses who were not before the grand jury, and on whose testimony the State on the hearing declared it would not rely for a conviction.

The errors here relied on and not waived are, admitting in evidence the testimony of six separately-named persons who were not witnesses before the grand jury, as specific causes of error, and in sustaining the motion to let appellee to bail.

The position of the State is that by express constitutional provision, "murder and treason shall not be bailable
1. when the proof is evident or the presumption strong." Const., Art. 1, §17.

The former portion of the same section, however, is that "offenses, other than murder and treason, shall be bailable by sufficient sureties."

The statute expressly provides that where any person is indicted for murder, he may be admitted to bail "when it appears upon examination that he is entitled to be let to bail." §2025 Burns 1908, Acts 1905 p. 584.

It has been held that bail is a matter of right upon proper showing. *Brown* v. *State* (1897), 147 Ind. 28, 46 N. E. 34; *Ex parte Jones* (1876), 55 Ind. 176.

On such application, the indictment by the grand jury stands with all its presumptions in favor of its truth until its force is broken by a showing that the grand jury
2. acted on insufficient evidence, and the burden is on the accused to show that the proof of guilt is not evident and the presumption of guilt not strong, and on such application the Supreme Court will weigh the evidence, and
3. pass on it as a trial court. *Brown* v. *State, supra,* and cases cited; *Ex parte Walton* (1881), 79 Ind. 600; *Ex parte Sutherlin* (1877), 56 Ind. 595; *Ex parte Moore* (1868), 30 Ind. 197.

The particular objection presented by the State as to the question of practice, is that the applicant on the hearing

can only introduce the evidence of witnesses on whose evidence the State relies for conviction.

Several of the witnesses, including appellee whose testimony was introduced by him, were not before the grand jury, and objection was made by the State on the ground that they were not witnesses on whom the State intended to rely for a conviction, on the theory that such witnesses, and none others, must be introduced.

Reliance is here placed on *Ex parte Richards* (1885), 102 Ind. 260, 1 N. E. 639; *Ex parte Heffren* (1866), 27 Ind. 87; *Ex parte Sternes* (1889), 82 Cal. 245, 23 Pac. 38.

Appellee's position is that the entire question, as to whether the guilt is evident, or the presumption strong, is before the court, and that it is not within the power of the State to limit the witnesses who may be examined, because it declares that it does not rely for conviction on any witness or witnesses offered, and because they were not before the grand jury; that such rule would put it in the power of the State to determine who should, or should not testify, and would hamper the court in the determination of the real question for determination, and that neither the Constitution nor the statute confines the inquiry to the State's witnesses, nor upon whom it may indicate it relies, nor whether the evidence before the grand jury was sufficient to sustain the charge made, and that any other construction would put it in the power of the State to determine who should be let to bail.

Reliance is here placed on the case of *In re Fraley* (1910), 3 Okla. Cr. 719, 109 Pac. 295, 139 Am. St. 988, in which that court said: "We are not permitted to presume for the prisoner either justification or mitigation merely because the evidence for the prosecution fails to show their absence. On the contrary, unless the evidence for the prosecution shows the presence of facts or circumstances tending to justify, excuse or mitigate the offense, then the burden is upon the petitioner to make that showing by evidence at least sufficient

to generate a reasonable doubt in that respect.'' The opinion is grounded on the proposition that as on trial the burden of showing mitigation is on the defendant, there is as much reason for allowing it in case of application for bail.

It, of course, cannot be doubted that on such application the burden is on the applicant, and he must overcome the presumption raised by the indictment, and it necessarily follows that he can only do so by offering the evidence on which the State relies, but does it follow that when he offers the evidence of which he is apprised by the indictment, or by the prosecutor, that the latter relies on, that he is prevented from going farther? Or may the State, when a witness is offered, preclude inquiry of the witness, by the declaration that it does not rely on the witness? That may be strictly true, but that witness may furnish strong evidence in favor of applicant's claim.

Bearing in mind the object of the inquiry, it will readily be seen that if the rule is as claimed by the State, the evidence of such witnesses as it claims to rely on might give a coloring to the degree of alleged offense totally at variance with what might be shown by others, and an applicant for bail would be bound by it. The rule is not so.

The rule is that the applicant must introduce the evidence of witnesses indicated by the indictment, and he must also introduce such witnesses as the State indicates that it 4. does rely on, or claims it relies on, but it cannot foreclose the inquiry by simply declaring as to any witness that it does not rely on his testimony.

The inquiry necessarily requires the court to travel over much of the ground to be heard by a traverse jury, in so far as the degree of the offense is concerned, but it is an acknowledged constitutional and statutory right, of very ancient usage, on proper showing. Const., Art. 1, §17; §2025 Burns 1908, Acts 1905, p. 584; *Brown* v. *State, supra; Ex parte Jones, supra;* 5 Cyc. 63-65, note 27 p. 70; 3 Ency. Pl. and Pr. 209 *et seq.*

If it is to be of any consequence, or avail, it must overcome the *prima facie* case made by the indictment, but it will readily be seen that that might be an impossibility, and presumptively is, if only the witnesses on whom the State relies are offered, and might be a barren right, and subject persons to cruel and unusual hardship, if not punishment, if there be not a full and fair inquiry from those who really have information.

We do not set out the evidence in this case on which the court acted, for the reason that it covers very much the ground which must be covered on a trial of the offense, but we have examined it with care, and agree with the conclusion of the trial court, that, on the showing made, the court did not err in its ruling on either of the questions presented.

The order admitting appellee to bail is affirmed.

NOTE.—Reported in 98 N. E. 417. See, also, under (1) 5 Cyc. 63; 1 Ann. Cas. 12; 9 Ann. Cas. 619; 39 L. R. A. (N. S.) 752; 81 Am. Dec. 87; (2) 5 Cyc. 67; (3) 5 Cyc. 90; (4) 5 Cyc. 87; 1913 Cyc. Ann. 526.