Ex parte McAdams et al. *v.* State of Indiana.

[No. 24,749.    Filed May 14, 1925.]

1. Habeas Corpus.—*Error on appeal is waived by failure to set out in brief.*—On appeal from the denial of a petition in *habeas corpus,* the failure of appellants to point out in the brief where alleged errors in admitting certain testimony may be found, or to state what objections, if any, were made thereto, waives the error.    p. 186.

2. Bail.—*One charged with murder in the first degree has the burden of proving his right to bail.*—On application for bail by one charged with murder the indictment stands with all presumptions in favor of its truth until it is shown that the grand jury acted on insufficient evidence, and the burden is on the accused to show that the proof of guilt is not evident and the presumption of guilt not strong.    p. 186.

3. Bail.—*One seeking bail on a charge of murder, must call all witnesses that the State relies on.*—One charged with murder

in the first degree in proving his right to bail, must call all the witnesses indicated by the indictment, and also such witnesses as the state indicates it will rely on.  p. 186.

4.  HABEAS CORPUS.—*On appeal Supreme Court will pass upon evidence as a trial court.*—On appeal in *habeas corpus*, the Supreme Court will weigh the evidence and pass on it as a trial court.  p. 187.

, From Perry Circuit Court; *Fred A. Heuring,* Judge.

Petition for bail by Albert McAdams and Matilda Sanders charged with murder.  From a denial of their writ of *habeas corpus,* they appeal.  *Affirmed.*

*Cody & Corbin,* for appellants.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellants, Albert McAdams and Matilda Sanders were in jail in Perry county, Indiana, under a charge of murder in the first degree, preferred against them jointly by the grand jury of said Perry county.

They filed their verified petition under §2188 Burns 1926, §2025 Burns 1914, Acts 1905 p. 584, to be let to bail.  A writ of *habeas corpus* was duly issued under said petition and the sheriff made his return showing service of such writ and bringing the said petitioners, Albert McAdams and Matilda Sanders before the Perry Circuit Court, and the judge thereof in vacation, on July 7, 1924, whereupon on said day a hearing was had on said petition and the court rendered judgment denying petitioners the right to bail and remanding them to the custody of the sheriff to be confined in the Perry county jail to await trial.

On the same day of the hearing and judgment the petitioners filed their motion for a new trial, which being overruled, appellants appealed and the ruling of said court in overruling said motion is assigned as error.

The only question presented by appellants' brief is the

sufficiency of the evidence to sustain the finding of the
court.   Appellants complain that the court
1.   erred in admitting certain testimony, but appel-
lants do not point out any place in their brief
where these alleged errors may be found in the record.
The brief fails to state what objection or objections, if
any, were made to such testimony.   Such questions are
therefore waived.  *Gray* v. *McLaughlin* (1921), 191
Ind. 190; *Dampier* v. *State* (1924), 194 Ind. 646, 144 N.
E. 241; *McCrocklin* v. *State* (1920), 189 Ind. 254.

Did the evidence sustain the finding of the trial court?
Section 17 of the Bill of Rights, §69 Burns 1926, §62
Burns 1914, provides that, "Offenses other than mur-
der and treason, shall be bailable by sufficient sureties.
Murder and treason shall not be bailable when the proof
is evident or the presumption strong."

On application for bail by one charged with murder,
the indictment stands with all its presumptions in favor
of its truth until its force is broken by a showing
2.   that the grand jury acted on insufficient evidence
and the burden is on the accused to show that
the proof of guilt is not evident and the presumption of
guilt not strong.   *State* v. *Hedges* (1912), 177 Ind. 589,
590; *Ex parte Heffren* (1866), 27 Ind. 87; *Ex parte
Jones* (1876), 55 Ind. 176; *Ex parte Kendall* (1885),
100 Ind. 599; *Ex parte Richards* (1885), 102 Ind. 260.

The rule is that the applicant must introduce the evi-
dence of witnesses indicated by the indictment, and he
must also introduce such witnesses as the state
3.   indicates it does rely on.   *State* v. *Hedges, supra.*
In appellant's brief it is stated that "upon the
trial of the cause attorneys for the petitioners called all
witnesses for the state whose names were on the in-
dictment, with the exception of one who was not pres-
ent."   Why this witness was not present appellants do
not inform us.

On appeals of this kind the Supreme Court will weigh the evidence and pass on it as a trial court. *Brown* v. *State* (1897), 147 Ind. 28; *Ex parte Walton* 4. (1881), 79 Ind. 600; *Ex parte Kendall, supra;* *State* v. *Hedges, supra.*

It being the duty of this court to weigh the evidence and pass upon it as a trial court, we have carefully examined the evidence as set out in the bill of exceptions and after such examination, we do not feel justified in disturbing the finding and judgment of the trial court refusing to let appellants to bail. We do not deem it proper to set out the evidence in this opinion for the reason that the case is yet to be tried upon its merits. *Ex parte Richards, supra; Ex parte Sutherlin* (1877), 56 Ind. 596.

Judgment affirmed.