### EX PARTE JACKSON ET AL.

[No. 25,549. Filed February 18, 1928.]

BAIL.—*When defendants charged with murder entitled to bail.*—On appeal from a denial of bail to defendants confined in jail on indictment for murder, the Supreme Court will hold they are entitled to be admitted to bail when the evidence convinces the court that the proof of their guilt of the charge against them is not evident nor the presumption strong that they committed the crime charged, notwithstanding the decision of the lower court to the contrary (§2188 Burns 1926).

From Ripley Circuit Court; *James A. Cox,* Special Judge.

Petition by Clarence L. Jackson, John Ryan and William Mehrhoff to be let to bail on a charge of murder. From a denial of the right to Jackson and Ryan, they appeal. *Reversed.*

*E. G. Bielby, Wycoff & Wycoff* and *William M. Turner,* for appellants.

*Arthur L. Gilliom,* Attorney-General, for the State.

TRAVIS, J.—This is an action by the appellants for a writ of *habeas corpus* to be let to bail. Appellants

Jackson and Mehrhoff, Jr., are now confined in the Ripley county jail under indictment for murder in the second degree.    The sheriff's return to the writ issued in response to appellants' petition for writ of *habeas corpus* formed the issue:    that the proof is not evident and the presumption of appellants' guilt of the criminal charge in the indictment is not strong.

The judgment of the trial court is that petitioners Jackson and Mehrhoff, Jr., be confined in the Ripley county jail and that they be not entitled to be discharged on bail pending the said criminal charge against them; and that petitioner John Ryan be confined in the jail of Ripley county until he furnish good and sufficient bond as provided by law.    The transcript of the record shows that all witnesses that the state intends to use in the trial of the charge against the defendants were fully examined in this action.    The court has examined the evidence as presented upon appeal, and from it the court concludes that the evidence does not support the allegation in the indictment that appellants "purposely" killed the person whom appellants are charged with having killed.    Therefore, we conclude that the proof is not evident or the presumption strong that the appellants purposely killed the deceased; and it is clear therefrom that the appellants ought to be admitted to bail. Art. 1, §17, Indiana Constitution, §69 Burns 1926; §§2167 and 2188 Burns 1926; *Ex parte Heffren* (1866), 27 Ind. 87; *Ex parte Jones* (1876), 55 Ind. 176; *State* v. *Hedges* (1912), 177 Ind. 589, 98 N. E. 417; *Ex parte McAdams* (1925), 196 Ind. 184, 147 N. E. 764.

The judgment is reversed, and the cause remanded with directions to the Ripley Circuit Court to let the appellants to bail.