GREEN v. PETIT, SHERIFF.

[No. 27,975.   Filed April 26, 1944.]

468

*William E. Reiley,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

RICHMAN, J.—Upon pleas of not guilty appellant was awaiting trial of charges contained in three affidavits, all based on § 10-4101, Burns' 1942 Replacement, § 2416, Baldwin's 1934, carrying penalties from ten years to life imprisonment. Each offense is

bailable as of right. Article 1, Section 17, Indiana Constitution. By petition for a writ of *habeas corpus* he sought to have bail fixed on the charge with severest penalty. The petition was amended to include request for reduction of the amounts specified on the other charges. After hearing evidence, brought here by bill of exceptions, the court entered judgment denying any relief. Motions for a new trial and to modify the judgment were overruled and error is assigned on each ruling.

Obviously the court erred in failing to fix bail on the first charge and accordingly the judgment must be reversed even though the error may have been inadvertent. Upon remand the trial judge will have opportunity, with or without additional evidence, to review his own action with respect to the amounts fixed on the other charges.

The best statement that we have found in an Indiana case as to matters to be considered in determining the amount of bail appears in *Gregory* v. *State ex rel. Gudgel* (1884), 94 Ind. 384, as a reason for declaring unconstitutional a statute authorizing the clerk to perform this duty. We quote from Judge Elliott's opinion:

> "It is clear on principle that the conclusion stated is the correct one. The officer by whom the bail is fixed must determine whether the offence is bailable, and what the amount of the recognizance shall be. Our Constitution provides that excessive bail shall not be exacted, and the officer who fixes the amount must necessarily decide upon what will or will not be excessive bail in each particular case. What would be deemed excessive in one case might be entirely reasonable in another. Bail is to be fixed according to the circumstances of each case, and no general sum can be fixed for all cases. Crimes of the same class often differ greatly in their character, and the good of the public, as well

as the constitutional right of the citizen, require that different provisions as to bail shall be made in different cases. The atrocity of some crimes increases the punishment, and the measure of punishment is always to be considered in determining the amount of bail. The object of requiring bail is to relieve from imprisonment until conviction and yet secure the appearance of the accused for trial, and it is obvious that what would be a sufficient sum in one case would be wholly inadequate in another, and what in one case would be excessive, in another would be insufficient, and that the question as to the amount of bail is, therefore one for judicial decision. Judge Cooley says: 'When bail is allowed, unreasonable bail is not to be required; but the constitutional principle that demands this is one which, from the very nature of the case, addresses itself exclusively to the judicial discretion and sense of justice of the court or magistrate empowered to fix upon the amount. That bail is reasonable which, in view of the nature of the offence, the penalty which the law attaches to it, and the probabilities that guilt will be established on the trial, seems no more than sufficient to secure the party's attendance. In determining this, some regard should be had to the prisoner's pecuniary circumstances; that which is reasonable bail to a man of wealth being equivalent to a denial of right if exacted of a poor man charged with a like offence.' Cooley, Const. Lim. (5th ed.) 378."

Helpful notes on the subject are found in 39 L. R. A. (N. S.) 752, 53 A. L. R. 399 and 72 A. L. R. 801. See also 8 C. J. S. *Bail* §§ 49 and 50; 6 Am. Jur. *Bail and Recognizance* §§ 59-68. These authorities reveal that numerous factors are to be considered, the most important being the assurance of the prisoner's attendance at the trial though "some regard" must be given to his ability to procure sureties with sufficient financial responsibility. It would not avail appellant that a nominal sum be required on two of the three charges if on the other the bail be prohibitive. The only evi-

dence on this phase of the subject was testimony of appellant's brother fixing $3,000 as the limit of the family resources but inconsistent therewith is the prayer of the motion to modify the judgment by reducing total bail to an amount "not in excess of $5,000." The problem of reconciling such factors with the dominant purpose of securing appellant's attendance at the trial is no doubt difficult and different judges might not reach the same conclusion on the same state of facts.

In this situation appellant asks us to weigh the evidence and substitute our opinion for that of the trial judge. A line of cases beginning with *Ex Parte Heffren,* (1866), 27 Ind. 87 is supposed to warrant such action. There the question was whether in a prosecution for murder, an offense not "bailable when the proof is evident, or the presumption strong," Article 1, Section 17, *supra,* the circumstances disclosed by the evidence justified the prisoner's release pending trial. The real issue below was whether upon the evidence available he would probably be convicted. Judge Frazer felt that the four judges of the Supreme Court were as capable of making this prediction as the trial judge and said, without necessity for so doing, that the reviewing court would weigh the evidence which is a method of review otherwise alien to our appellate practice. Without expression of doubt as to its wisdom this exceptional rule has been since deemed to apply to similar appeals. Following are most, if not all, of the cases. The "Ex parte" cases are cited in the name of the appellant. *Moore* (1868), 30 Ind. 197; *Halpine* (1868), 30 Ind. 254; *Proctor* (1871), 37 Ind. 174; *Jones et al.* (1876), 55 Ind. 176; *Sutherlin* (1877), 56 Ind. 595; *Hock* (1879), 68 Ind. 206; *Bare* (1881), 76 Ind. 378; *Walton* (1881), 79 Ind. 600;

*Kendall et al.* (1884), 100 Ind. 599; *Richards* (1885), 102 Ind. 260, 1 N. E. 639; *Schmidt* v. *Simmons, Sheriff* (1893), 137 Ind. 93, 36 N. E. 516; *Brown et al.* v. *The State* (1896), 147 Ind. 28, 46 N. E. 34; *State* v. *Hedges* (1912), 177 Ind. 589, 98 N. E. 417; *Luellen* v. *Younger* (1924), 194 Ind. 411, 133 N. E. 495, 143 N. E. 163; *McAdams* (1925), 196 Ind. 184, 147 N. E. 764; *Jackson* (1928), 199 Ind. 658, 160 N. E. 927. Some of these cases upon the facts related in the opinions may be harmonized with the better rule prevailing in most other jurisdictions that the appellate court "will not interfere with the action of the lower court unless there has been a manifest abuse of its power or discretion." 6 Am. Jur. *Bail and Recognizance* § 52. In all of these cases this court decided only one question, whether under the circumstances shown the offense was bailable, leaving to the trial court, where we think it belongs, the duty of fixing the amount. If, because of long acquiescence, Judge Frazer's statement should continue to guide our action in such cases, we surely ought not extend its application to appeals involving offenses bailable as of right and presenting only the question of what amount is reasonable, for unreasonable bail is "excessive" and forbidden by § 16 of the Bill of Rights. Similar pre-trial questions are left to the judicial discretion of the trial judge who is in better position than we to gauge the credibility of witnesses and to reconcile conflicting evidence. So in this case solution of the problem, difficult though it may be, is for the trial judge subject to review for abuse of discretion.

Judgment reversed with instructions to fix bail on the first charge and for further proceedings consistent herewith.

NOTE.—Reported in 54 N. E. (2d) 281.