Argued February ·12, writ dismissed March 24, petition for
rehearing denied April 20, 1971

STATE ᴇx ʀᴇʟ CONNALL, *Plaintiff, v.*
ROTH, *Defendant.*
482 P2d 740

*J. Bradford Shiley, Jr.*, Salem, Assistant Attorney General, argued the cause for plaintiff. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Leo Levenson*, Portland, argued the cause and filed the brief for defendant.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL, and BRYSON, Justices.

HOWELL, J.

Two individuals were indicted separately and charged with first degree murder by the grand jury of Multnomah county. Each applied for bail. At the bail hearing the district attorney presented only the grand jury indictments and contended that the indictments alone were sufficient to deny bail. The circuit judge concluded that the state had not established that the proof or presumption of guilt of the defendants of murder was evident or strong under the Oregon Constitution and set bail for each accused in the amount of $150,000.

The district attorney applied to this court for alternative writs of mandamus to compel the circuit

judge to vacate its orders admitting the accused to bail. Alternative writs were issued, and the defendant circuit judge has filed demurrers and answers to the alternative writs.

Article I, Section 14, of the Oregon Constitution provides:

> "Bailable offenses. Offences [sic], except murder, and treason, shall be bailable by sufficient sureties. Murder or treason, shall not be bailable, when the proof is evident, or the presumption strong.——"

ORS 140.020 also provides:

> "Crimes not bailable. If the proof or presumption of the guilt of the defendant is evident or strong, he shall not be admitted to bail when he is charged with murder in any degree, with treason or with the infliction upon another of a personal injury likely to produce death under such circumstances that, if death should ensue, the offense would be murder in any degree."[1]

The state admits that a defendant indicted on a first degree murder charge is entitled to a bail hearing, and admits that the state has the burden to establish that "the proof or presumption of the guilt of the defendant is evident or strong." ORS 140.020.

The state contends that it has carried the burden of proof by the presentation of the murder indictment at the bail hearing.

The respondent contends that the indictment alone is insufficient proof and that the state must establish

---

[1] ORS 163.010 defines first degree murder and provides for punishment of life imprisonment. ORS 163.020 defines second degree murder and provides for punishment by imprisonment for a term of not more than 25 years.

by other evidence that the proof or presumption of guilt is evident or strong.

The question of whether the indictment itself is sufficient to establish that the proof or presumption of the guilt of the defendant is evident or strong is one of first impression in this state. Other courts have reached conflicting results.

Three different lines of authority have developed concerning the question of burden of proof in a murder-bail hearing and whether the indictment carries that burden. The cases have been analyzed in an annotation in 89 ALR2d 355. The three categories are: (1) the state has to produce some evidence in addition to the indictment; (2) the indictment is *prima facie* evidence of proof or presumption of guilt, and the defendant has the burden of going forward with evidence to show the contrary; and (3) the indictment is conclusive against the allowance of bail. The latter view finds support in only a few cases. *See* Annot., 89 ALR2d, supra, at 357.

The rule that the indictment is *prima facie* evidence and that the burden is on the defendant to show that the proof of his guilt is not evident or the presumption thereof is not strong has been adopted in most jurisdictions. *See* Annot., 89 ALR2d, *supra*, at 362. This is the rule followed by the Supreme Court of Indiana. *Bozovichar v. State*, 230 Ind 358, 103 NE2d 680 (1952); *Ex parte McAdams*, 196 Ind 184, 147 NE 764 (1925); *Ex parte Heffren*, 27 Ind 87 (1866). The plaintiff urges that we join the view expressed by the Indiana Court for the reason that Art I, § 14, of the Oregon Constitution was taken directly from the Indiana Constitution of 1851, Art I, § 17. This is true. Carey, *The Oregon Constitution and Proceedings and Debates of*

*the Constitutional Convention of 1857*, at 468 (1926). However, there is no substantial difference between the constitutional provisions of Indiana and the other states. The constitutional provisions of most of the states refer to "capital offenses" instead of "murder and treason." ALI, *Code of Criminal Procedure*, 338-341 (1930).

The rationale of those decisions supporting the view that the indictment is *prima facie* evidence and that the defendant has the burden of showing that the proof is not evident or the presumption strong is based on the theory that the grand jury has acted properly and found facts sufficient to indict. *Ex parte McAdams, supra*; *Ford v. Dilley*, 174 Iowa 243, 156 NW 513 (1916).

The plaintiff herein relies on the same reasoning and contends that we must presume the grand jury followed the statutory mandate contained in ORS 132.390 requiring it to return an indictment "when all of the evidence before it, taken together, is such as in its judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." In *State v. Guse*, 237 Or 479, 392 P2d 257 (1964), and *State v. McDonald*, 231 Or 24, 361 P2d 1001 (1962), we acknowledged the presumption that an indictment was returned upon sufficient evidence to give the grand jury probable cause to believe that a crime had been committed by the accused.

However, the court did not relate the presumption of the validity of the indictment to the probative effect of an indictment in a bail hearing because the defendant's right to bail was not involved in either case.

The rule followed by Indiana that the grand

jury is presumed to have acted on sufficient evidence to indict, and that the burden is on the defendant to show to the contrary, has a very impractical result. It requires the accused to "introduce the evidence of witnesses indicated by the indictment, and he must also introduce such witnesses as the state indicates it does rely on." *Ex parte McAdams,* 196 Ind at 186; *see Ex parte Heffren, supra.*

The trend of recent decisions is in favor of the position of the defendant herein that the state must present more evidence than the indictment to establish that the proof or presumption of guilt is evident or strong. *State v. Menillo,* 159 Conn 264, 268 A2d 667, 674 (1970); *In re Steigler,* 250 A2d 379 (Del 1969); *Ford v. Dilley, supra; Commonwealth v. Stahl,* 237 Ky 388, 35 SW2d 563 (1931); *State v. Konigsberg,* 33 NJ 367, 164 A2d 740, 89 ALR2d 345 (1960); *Application of Wheeler,* 81 Nev 495, 406 P2d 713 (1965); *Taglianetti v. Fontaine,* 105 RI 596, 253 A2d 609 (1969). *See also* Annot., 89 ALR2d, *supra,* at 358.

The Supreme Court of New Jersey discussed the question of the burden of proof in *State v. Konigsberg, supra.* In an excellent and well-reasoned opinion by Justice Francis, the court stated the following regarding the argument that the grand jury's indictment should be sufficient to satisfy the requirement of evident proof or presumption great of guilt:

"Moreover, it is common knowledge that proceedings of the Grand Jury are secret and wholly ex parte, evidence for the State alone being received. The accused is not present nor can he be represented by counsel, and it is probably fair to say that in some instances he is not even aware that allegations against him are being considered. The prosecutor ordinarily selects the witnesses to

testify; usually he gives the only legal advice, the court being rarely called upon during deliberations; and he generally directs the entire proceeding to a considerable extent. To say that a formal accusation of murder under such circumstances sufficiently establishes, even prima facie, that the proof of a capital offense is evident or the presumption great to justify the denial of bail is to fly in the face of the constitutional mandate and to fail in the discharge of our judicial duty. * * *

"Bail, then, being the right of every citizen charged with any crime excepting only the type of capital offense when the proof is evident or the presumption great, who should have the onus of establishing that the conditional freedom should be granted or denied? The answer is not difficult. The burden should rest on the party relying on the exception. That is the logical and natural rule and the one which conforms with the pervasive presumption of innocence attending all criminal charges. In fact, there is an indissoluble connection between that presumption and the right to liberty before conviction." 89 ALR2d at 350-51.

The New Jersey court also approved and adopted the following quote from the Supreme Court of Iowa in *Ford v. Dilley, supra*:

" '* * * Let us see at what point the theory of the minority [of the court] is stopped by logic, a decent regard for the rights of the accused, and the limitations upon the powers of mere human beings. The state avers that the accused is guilty of a charged crime. In all arguments for the claim that the indictment makes prima facie proof the major premise is that the grand jury would not indict if there were not evidence justifying indictment. It follows the prosecution knows what and where the justifying evidence is. It certainly does seem more natural that the one who affirms guilt, and that there is evidence which makes the proof of guilt evident or the presumption thereof great, should,

in the first instance, be held to point out what that evidence is, rather than that the accused, saying there is and should be no evidence, should go into the wide world in search of that which he says does not and should not exist; and this for the purpose of cross-examining and overthrowing it after he has gathered it.' " 89 ALR2d at 351.

We believe that it would be completely illogical and impractical to require an accused, who has not heard the state's evidence against him, to assume the burden of showing that the state's evidence does not establish that the proof or presumption of his guilt is evident or strong. *See State v. Menillo, supra.*

■ We conclude that the indictment alone is not the proof contemplated by our constitution and does not establish that the proof or presumption of guilt of murder is evident or strong in the applications for bail in the instant case. Other competent evidence to prove the commission of murder must be offered by the state before the accused may be denied the admission to bail.

■■ In evaluating the amount of proof needed, the trial court is granted broad discretion, and the question of the sufficiency of the evidence must of necessity be decided on a case by case basis. *Application of Wheeler, supra.* Obviously, the state is not required to establish guilt beyond a reasonable doubt. Bail should be denied when the circumstances disclosed indicate "a fair likelihood" that the defendant is in danger of being convicted of murder or treason. *State v. Konigsberg, supra.*

■ The bail hearing is not for a determination of guilt or innocence, but rather a determination of the preliminary issue of the right to bail. The court should confine the evidence to the issue involved and

not allow the accused to transform the hearing into a discovery procedure for forcing the state to produce its case. *State v. Menillo, supra.*

■ It is also important that the trial court avoid even the appearance of a determination of ultimate guilt or innocence so that the rights of the state or the accused will not be prejudiced in the trial on the merits. *State v. Menillo, supra,* at 676; *State v. Konigsberg, supra.*

We conclude that the state did not sustain the burden of proof in the instant case, and the trial court properly admitted the accused to bail. The alternative writs are dismissed.