RUCKER, J.,
dissenting.
In one fell swoop, today the Court overrules nearly 150 years of precedent and declares a 30-year-old statute unconstitutional. Because I am not prepared to go that far, I respectfully dissent.
First, the Court need not address the constitutional issue at all. Whatever may be said of the statutory burden of proof, the trial court in this case imposed upon the State the burden of establishing that *455 Fry should be denied bail. And the trial court determined that the State carried its burden. The record supports the trial court’s judgment, which this Court correctly affirms. In my view that should be the end of the matter. We need not inquire any further.
As for the merits, I applaud Justice David’s scholarly research and in-depth analysis. But for ill or good, this State has charted a course different from that of some other jurisdictions. We have long held that in a murder case “the presumption is against the right to be admitted to bail, and the burden is on the [defendant] to show that the proof is not evident nor the presumption of his guilt strong.” Phillips v. State, 550 N.E.2d 1290, 1294 (Ind.1990); accord Partlow v. State, 453 N.E.2d 259, 274 (Ind.1983); Caudill v. State, 262 Ind. 40, 311 N.E.2d 429, 430 (1974); Bozovichar v. State, 230 Ind. 358, 103 N.E.2d 680, 681 (1952); State v. Hedges, 177 Ind. 589, 98 N.E. 417 (1912); Schmidt v. Simmons, 137 Ind. 93, 36 N.E. 516 (1894); Ex parte Jones, 55 Ind. 176, 179-80 (1876). This view has not been without its detractors. In Ex parte Heffren, 27 Ind. 87 (1866), the first reported Indiana decision addressing who has the burden in these matters, Chief Justice Ray dissented: “I do not feel prepared to concur in so much of the ruling in this case as requires the petitioner to assume the burden of showing that he is entitled to be admitted to bail.” Id. at 92. Nonetheless in this jurisdiction imposing the burden on the defendant has prevailed. The same is true for several other jurisdictions as well. See, e.g., Ex parte Wilding, 41 So.3d 75, 76-77 (Ala.2009); State v. Green, 275 So.2d 184, 185-86 (La.1973); Fischer v. Ball, 212 Md. 517, 129 A.2d 822, 825-27 (1957); Huff v. Edwards, 241 So.2d 654, 655-56 (Miss.1970); Shaw v. State, 164 Tenn. 192, 47 S.W.2d 92, 93 (1932).
Essentially, the understanding that a defendant charged with murder has the burden of showing that he is entitled to be admitted to bail has been the accepted and settled law in this jurisdiction for several decades. The doctrine of stare decisis requires that we apply “a principle of law which has been firmly established.” Marsillett v. State, 495 N.E.2d 699, 704 (Ind.1986). It is a maxim of judicial restraint supported by compelling policy reasons of continuity and predictability that we should be “reluctant to disturb long-standing precedent,” id., and “a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error.” Id. at 704-05 (citation omitted). Although disagreeing with our long-standing precedent, the majority has not demonstrated any urgent reason why the precedent should be abandoned. In like fashion the majority in my view has not shown that our long-standing precedent is clearly erroneous.
In any event we need not overrule existing precedent or declare the bail statute unconstitutional in the journey to chart a different course. Instead, again if a proper case were before us, then I would be in favor of harmonizing the statute in a way to uphold its constitutionality, and in the process distinguish rather than overrule existing precedent. This can be accomplished in my view by continuing to read the statute as imposing on the defendant “the burden of proof that he should be admitted to bail.” Ind.Code § 35-33-8-2(b). But clarifying that this burden does not come into play until after the State first introduces evidence demonstrating “more likely than not,” op. at 448, that the proof of the defendant’s guilt is evident or the presumption of guilt strong. In essence, we would accomplish the same end *456 result the majority reaches today, but without the collateral consequences.
MASSA, J., concurs.