No. 17,189.

SCHMIDT *v.* SIMMONS, SHERIFF.

HABEAS CORPUS.—*Burden of Proof.—Bail.—Murder.*—In a *habeas corpus* proceeding for admission to bail, in a prosecution for murder, the burden rests upon the plaintiff to show by the evidence, that the proof is not evident, and that the presumption is not strong.

From the Howard Circuit Court.

*D. D. Dykeman, W. T. Wilson, G. C. Taber, J. C. Blacklidge, C. C. Shirley, B. C. Moon, M. Winfield* and *J. Taber,* for appellant.

*C. Wolf, M. Bell, W. C. Purdum* and *F. M. Kistler,* for appellee.

HACKNEY, J.—The appellant was indicted by the grand jury of Cass county, for murder in the first degree, in the killing of one James Oscar Walton, and after procuring a change of venue to the Howard Circuit Court, applied for and obtained the issuance of a writ of *habeas corpus,* upon which an issue was properly formed and submitted to the judge of the Howard Circuit Court, who found that the appellant should not be admitted to bail.

It is conceded that one under indictment for murder is not entitled to bail when the proof is evident or the presumption is strong. Such is the rule under the constitution, and the statute, R. S. 1881, sections 62, 1686, and R. S. 1894, sections 62, 1755.

Under this rule the burden rests upon the applicant for bail to show by the evidence, that the proof is not evident, and that the presumption is not strong. *Ex parte Heffren,* 27 Ind. 87; *Ex parte Jones,* 55 Ind. 176; *Ex parte Kendall,* 100 Ind. 599; *Ex parte Richards,* 102 Ind. 260.

The cases cited, and the cases of *Ex parte Moore,* 30

Ind. 197, and *Ex parte Walton*, 79 Ind. 600, hold that it is the duty of the Supreme Court to weigh the evidence and determine its sufficiency to require that the petitioner should be admitted to bail. In compliance with this duty, we have carefully read all of the evidence; have heard the arguments, and have read the briefs of counsel.

After fully considering the case, we have reached the conclusion that the appellant has not discharged the burden resting upon her under the rule above suggested.

The evidence is too voluminous to set out in this opinion. It is sufficient to say of it that it establishes, without conflict, that the appellant shot and killed Walton; that there were previous threats by her to do so; that the weapon used by her was one of a dangerous and deadly character, and that in addition to such threats, and the character of the weapon used, there were circumstances clearly manifesting the existence of malice.

We feel, however, that it is proper to say, in order that our opinion may not prejudice the appellant on the trial of said indictment, that there were circumstances immediately preceding the fatal act, well calculated, in the absence of previous malice or purpose to kill, to incite hot blood, and it is also true that there is conflict in the evidence as to whether the deceased, at the instant the fatal shot was fired, was making an effort to assault the appellant, and this conflict can not, upon the evidence before us, be said to be capable of reconciliation in favor of the view that the shot was fired in self-defense, or in the fear of great bodily harm. It is in view of the proposition that the burden is upon the appellant to more than raise a conflict in the evidence, that we have made this statement, and as to the adjustment of that conflict, as it exists, we deem it proper that we

should not express an opinion further than that stated with reference to the entire case.

The judgment of the lower court is affirmed.

McCabe, J., dissents.

