HERMAN WARRENBURG *v*. STATE OF INDIANA.

[No. 771S212.  Filed July 5, 1973.  Rehearing denied August 31, 1973.]

*Felson Bowman, Frederick J. Graf,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—This is a direct appeal from a conviction of involuntary manslaughter. Herman Warrenburg was indicted on June 4, 1970, for the unlawful killing of his wife. After three continuances, a jury trial commenced on February 22, 1971. Appellant was found guilty and sentenced to the Indiana State Prison for one to ten years on March 3, 1971. A motion to correct errors was overruled on April 29, 1971.* From the overruling of his motion to correct errors, Appellant instituted this appeal. Appellant specifics the following as error:

(1) The trial court erred in admitting into evidence an autopsy photograph of the deceased victim.

(2) There was insufficient evidence at trial to prove the commission of an "unlawful act."

(3) The trial court erred in allowing the prosecution to re-open its case-in-chief in order to prove venue.

Appellant's first allegation of error concerns the admission into evidence of a color photograph of the deceased victim which was taken after an autopsy was performed upon the body.

The photograph in question (State's Exhibit No. 2) is of a partially resewn corpse, nude from the waist up. The right arm of the corpse has been severed completely, the left arm has been re-attached with gaping sutures. Appellant contends that the photograph was irrelevant, cumulative, and calculated to inflame the jurors. Admittedly, the photograph is gruesome, but that fact alone does not render it inadmissible. *Torrence* v. *State* (1971), 255 Ind. 618, 266 N. E. 2d 1. The real inquiry into the admissibility

---

* This case was transferred and re-assigned to this office May 22, 1973.

of photographs is whether or not they are *relevant* to the issues in the case. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696. A jury should have before it all relevant evidence, and the test to be applied is a determination of whether the evidence tends to prove a material issue in the case. *Wilson* v. *State* (1966), 247 Ind. 680, 221 N. E. 2d 347. The surgeon who performed the autopsy, Dr. Benz, testified generally as to various bruises about the victim's body and specifically as to bruises about the left ear. The State contends that the photograph was competent to depict the victim's wounds. However, it cannot be said that the autopsy incisions were wounds inflicted by the defendant-appellant. On preliminary questioning by defense counsel, Dr. Benz testified that the decedent did not appear in the photograph as she did prior to the autopsy. The picture does not depict the victim in her natural state immediately after her death. Prior to the introduction of State's Exhibit No. 2, the prosecution had entered into evidence a black and white photograph of the deceased taken before the autopsy. This photograph properly depicted the victim immediately following her death. Dr. Benz identified the body there depicted and testified in detail as to the wounds found on an external examination of the victim. He further testified that in his opinion the victim died as a result of an acute subdural hematoma of the brain, caused by a blow or impact to the head. The above evidence is clearly relevant to show the cause of death. However, we can find no relevancy in allowing into evidence a graphic portrayal of an autopsy. The pathologist's surgical incisions are not relevant to a material issue in the case. The only part of State's Exhibit No. 2 which is relevant to the cause of death is that part of the photograph showing the bruises on the victim's skull. Only that part of the photograph which is relevant should have been admitted into evidence. We believe that the relevant portion of the aforementioned photograph is obscured by irrelevancy and should have been denied admission into evidence. Whether or not this error can be

held harmless depends upon the sufficiency of other evidence of appellant's guilt.

Involuntary manslaughter is defined in IC (1971), 35-13-4-2, Ind. Stat. Ann. § 10-3405 [Burns 1972 Supp.], as follows:

> "Involuntary manslaughter.—Whoever kills any human being without malice, express or implied, involuntarily but in the commission of some unlawful act, is guilty of involuntary manslaughter, and, on conviction, shall be imprisoned in the state prison for not less than one (1) nor more than ten (10) years. . . ."

Appellant contends that there was insufficient evidence at trial to support his conviction. In particular, the defendant-appellant alleges that the prosecution failed to show an "unlawful act." This Court, when faced with the issue of sufficiency of the evidence, will not weigh the evidence, nor determine the credibility of witnesses. The Court on review will look only to that evidence most favorable to the State and all reasonable inferences therefrom which will support a finding of guilty. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if there is sufficient probative evidence from which the trier of fact could reasonably infer guilt beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. The evidence most favorable to the State is that on the night of the victim's death the Warrenburgs were seen at a local tavern having a drink. One witness testified that Mrs. Warrenburg did not appear drunk when she left the tavern with the appellant. Later that evening this same witness saw the appellant and overheard him say that he had beaten the "hell out of [his wife]." Another witness testified that the appellant had told her that he had "beat the fire out of Lena Mae and made her go to bed." There was evidence that the appellant called his wife's daughter and told her that he had hit her mother and that her mother was passed out on the floor. The

State's pathologist testified as to numerous bruises on the victim's body and testified as to broken ribs and a hemorrhage in the chest cavity. He further testified that in his opinion the victim died as a result of an impact or blow to the head. This testimony was sufficient to satisfy the jury that the defendant-appellant unlawfully beat his wife, thereby inflicting a mortal wound upon her. In light of this evidence, it was not reversible error for the trial court to admit into evidence the post-autopsy photograph of the deceased. However, prosecutors and trial courts should exercise greater care and discretion to avoid allowing such irrelevant graphic portrayals into evidence.

Finally, the appellant contends that it was error for the trial court to allow the prosecution to re-open its case in order to prove venue. This Court has previously held that the action of a trial court in allowing a party to re-open its case after it has rested is a matter of discretion that will not be disturbed unless clear abuse is shown. *Maxey* v. *State* (1969), 251 Ind. 645, 244 N. E. 2d 650. The appellant has not demonstrated that he was unfairly prejudiced by the trial court's action. Prior to granting the State's motion, the trial court had before it the testimony of an Indianapolis police officer reciting the boundaries of his patrol as ". . . Washington Street to the north, Morris Street to the south, White River to Eagle Creek. . . ." Re-opening the case-in-chief merely granted the State an opportunity to properly present proof of venue. Therefore, we find no abuse of trial court discretion upon this issue.

For all the foregoing reasons, we hold that the judgment of the trial court should be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan, Prentice, JJ., concur.

Note.—Reported in 298 N. E. 2d 434.