ROY MORRIS v. STATE OF INDIANA.

[No. 273S25. Filed August 14, 1975. Rehearing denied October 9, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *John R. O'Bryan*, Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant, under the provisions of Ind. R. P.C. 2 § 2, has taken this belated direct appeal from his 1967 conviction for Second Degree Murder. After an oral plea of not guilty, Appellant submitted the following "Motion."

"Defendant moves the court to enter an order submitting the defendant to duly qualified and authorized doctors of mental diseases for an examination to determine the following facts:

1. Whether said defendant at the time of the alleged offense set out in the indictment, first, reasonably understood the criminality of said alleged act; and

2. Knowing the criminality of said alleged act, was reasonably unable to resist the impulse, if any, compelling the commission of said alleged act; and that either or both of the above was caused by mental disease or defect of mind; and

3. To render a written report of said physicians to this court and to this defendant concerning the mental condition of said defendant both at the time of and during the period of said examination, and as well as of the date of the commission of said alleged offense.

In support of the foregoing motion, and as background for the Court, defendant states that he was in World War II as a member of the Armed Forces of the United States and at the time Corrigador fell, this defendant was taken by the Japanese as a prisoner of war, and suffered mistreatment and malnutrition for a continual period of thirty-

four (34) months; that since his discharge from the army he has been treated on two different occasions in the Veterans Hospital at Lexington, Kentucky and by other outside psychiatrists for mental disorder, and further said defendant, even though the holder of the Oakleaf Cluster with a Presidential Unit Citation, the Silver Star and other good conduct medals, has not been able to mentally adjust to civilian life and that he is in need of treatment for his nervous and mental defect or disease."

It is to be noted that nowhere in this "Motion" does the Appellant allege that he was legally insane at any time. Appellant did not file a written plea of "not guilty by reason of insanity." Ind. Code § 35-5-2-1, Burns § 9-1701 (1974 Supp.). Had he done so the court then would have appointed two physicians to examine the defendant. Ind. Code § 35-5-2-2, Burns § 9-1702 (1974 Supp.).

In addition, the following statute, Ind. Code § 35-5-3.1-1, Burns § 9-1708 (1974 Supp.), is pertinent to the present situation.

"Hearing to determine defendant's sanity during trial. When at any time before the final submission of any criminal cause to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, the court shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the court shall order the defendant committed to the department

of mental health to be confined by the department in an appropriate psychiatric institution."

Thus, notwithstanding the Appellant's failure to plead according to Ind. Code § 35-5-2-1, we think that Appellant's "Motion" contained sufficient matter to come within Ind. Code § 35-5-3.1-1, and to put the trial court on notice that it was presented with a situation involving a defendant's mental condition. Titling a document a "Motion" does not make it one. We should look to the substance rather than merely the form of a document. Especially considering the gravity of the charge against this defendant, the trial judge, after having seen the "Motion", should have discovered (1) whether the defendant intended this "Motion" as the written plea of not guilty by reason of insanity required by statute or whether the defendant now wished to plead not guilty by reason of insanity; and, (2) whether or not defendant was competent to stand trial. Since it appears that at this late date the question of Appellant's competency to stand trial cannot be retrospectively determined, there must be a new trial. *Pate* v. *Robinson,* (1966) 383 U.S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815; *Dusky* v. *United States,* (1960) 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824.

Appellant raised several other issues. Although we are ordering a new trial, we will consider some of the issues raised by Appellant, for the guidance of the trial court should such issues arise on the re-trial.

Appellant argued that the trial court erred in denying without hearing his motion for bail. Although it would seem that at this time such an issue would be moot, we nevertheless proceed to the merits.

Art. I § 17 of the Indiana *Constitution* provides:

"Bailable offenses.—Offenses other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong."

This provision is implemented by Ind. Code § 35-1-22-6, Burns § 9-1035 (1956 Supp.).

> "Bail in murder.—When any person is indicted for murder, the court in which the indictment is pending, upon motion, or in vacation the judge of the circuit or criminal court, upon application by writ of habeas corpus may admit the defendant to bail when it appears upon examination that he is entitled to be let to bail."

This court has said:

> "The presumption is against the right to be admitted to bail in a murder case. The burden is on the applicant to show that the proof is not evident or presumption of guilt strong." *Bozoviachar* v. *State*, (1952) 230 Ind. 358, 366, 103 N.E.2d 680, 683. *Accord, Schmidt* v. *Simmons*, (1893) 137 Ind. 93, 36 N.E. 516; *Ex parte Jones*, (1876) 55 Ind. 176; *Ex parte Heffren*, (1866) 27 Ind. 87.

At the time of his first motion for the setting of bail (September 16, 1966) Appellant agreed to furnish authorities in support of his motion. On March 3, 1967, Appellant renewed his request for bail and cited one case as authority. We think it is evident that Appellant did not meet his burden of showing that he was entitled to bail. When a defendant submits no memorandum or affidavits purporting to show that bail should be set for the reason that the proof is not evident nor the presumption strong, there is no value in holding a hearing. Therefore, the trial court did not err in refusing to hold a hearing nor in denying the bail.

Appellant's next claim is that he was not given a speedy trial. Appellant was arraigned on September 9, 1966. On January 23, 1967, he requested and was granted a continuance. Trial began on April 25, 1967. Defendant was tried within six months of the date of his continuance; therefore, he was tried within the limitations of Rule 1-4D, (currently Ind. R. Crim. P. 4) which was in effect at the time of these events. *Holquin* v. *State*, (1971) 256 Ind. 371, 269 N.E.2d 159; *Wheeler* v. *State*, (1970) 255 Ind. 395, 264 N.E.2d 600; *Walker* v. *Ratliff*, (1970) 253 Ind. 495, 255 N.E.2d 223.

Appellant's next suggestion of error is addressed to the failure of the court to sequester the jury. Appellant made his objections only after the jury had returned from each adjournment and such an objection is not timely. *Brown* v. *State*, (1964) 245 Ind. 604, 201 N.E.2d 281; *Henning* v. *State*, (1885) 106 Ind. 386, 7 N.E. 4, *Jarrell* v. *State*, (1877) 58 Ind. 293. Furthermore, Appellant has not made it appear that he was harmed by the separation of the jury. Separation of jury without the consent of the defendant, express or implied, is not grounds for reversal when the defendant has not been prejudiced by the separation. *Riley* v. *State*, (1884) 95 Ind. 446; *Creek* v. *State*, (1865) 24 Ind. 151.

Appellant objected to the admission of 18 exhibits, photographs and color slides of the scene of the crime, on the ground that these exhibits were introduced in order to inflame and prejudice the jury. These pictures and slides, although repetitious, were admissible for the purpose of elucidating and explaining the oral testimony of Oscar Coombs. *Cooper* v. *State*, (1974) 261 Ind. 659, 309 N.E.2d 807; *Leaver* v. *State*, (1968) 250 Ind. 523, 237 N.E.2d 368; *Kiefer* v. *State*, (1958) 239 Ind. 103, 153 N.E.2d 899. An additional exhibit was that of a color slide representing a picture taken at the funeral home which was apparently a post-autopsy picture of the decedent. In *Warrenburg* v. *State*, (1974) 260 Ind. 572, 298 N.E.2d 434, we said of post-autopsy pictures: "prosecutors and trial courts should exercise greater care and discretion to avoid allowing such irrelevant graphic portrayals into evidence." *Id.*, at 436. However, as in *Warrenburg, supra,* we feel that the oral testimony was sufficient to render the error harmless.

Defendant made three (3) motions for pre-trial discovery all of which were denied. Defendant wished to discover three (3) items:

(1) copies of any written statements of witnesses whom the State expected to testify against the Defendant;

(2) a transcript of the grand jury proceedings;

(3) the names and addresses of all witnesses the State intended to call to testify at trial.

Insofar as the copies of witnesses' statements and grand jury proceedings are concerned, a defendant has a right, upon the laying of a proper foundation, to statements made by a witness to law enforcement officers and to the grand jury only *after* the witness has testified on direct examination. *Antrobus* v. *State,* (1970) 253 Ind. 420, 254 N.E.2d 873. There is no right to a "transcript of the grand jury proceedings." The trial judge correctly denied these two pre-trial discovery motions.

In *Bernard* v. *State,* (1967) 248 Ind. 787, 230 N.E.2d 536, we held that unless the State makes a showing of paramount interest in non-disclosure, a defendant's request for a list of witnesses should be granted. We need not consider the question of the retroactivity of *Bernard* since there is to be a retrial at which time if the defendant requests a list of witnesses the State must produce such a list or show a paramount interest in non-disclosure.

For the reasons stated, a new trial for Appellant is hereby ordered.

NOTE.—Reported at 332 N.E.2d 90.