James FRANKLIN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 578S82.

Supreme Court of Indiana.

March 7, 1979.

Max Cohen, Cohen & Thiros, Merrillville, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with and convicted in a trial by jury of traditional first degree murder and felony murder

(robbery), Ind.Code § 35–13–4–1 (Burns 1975). He was sentenced to one term of life imprisonment and presents the following issues for our review:

(1) Whether the trial court erred in admitting into evidence the prior out-of-court statements of three of the State's witnesses, which statements related, among other things, to statements attributed to the defendant's accomplice.

(2) Whether there was sufficient evidence to sustain the verdicts.

The defendant was charged along with Steven Moten in the shooting death of Earl Taylor. Moten was convicted in a separate trial by jury and his conviction was affirmed by this Court upon appeal. *Moten v. State*, (1978) Ind., 380 N.E.2d 544.

On December 20, 1976 the decedent was found lying on the sidewalk near his home, dead of a shotgun wound to his head. The forestock of a shotgun and a blackjack were found lying near the body. Direct in-court testimony of a State's witness showed that the blackjack, admitted as State's exhibit # 1, had been seen in Defendant's house before the killing. On the morning following the killing and the discovery of the body, the defendant was observed by the police walking back and forth at the scene of the crime. When questioned, the defendant stated that he had been in the vicinity the night before, that he had heard a shot and that he had seen two subjects fleeing the scene.

\* \* \* \* \* \*

## ISSUE I

During its case in chief, the State called three witnesses who were friends of the defendant and Moten and who had given separate written statements to the police. The statements related to conversations which had taken place at a meeting the three had had with the defendant and Moten on the day following the murder. Each witness, upon being asked in essence the same questions that they had answered in their written statements, gave answers that conflicted with those contained in his prior statement. Thereupon, the written state-ments were admitted into evidence pursuant to *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. The statements reflected that the defendant owned a blackjack like or similar to the one found at the scene of the crime and that Moten and the defendant had had a shotgun about a week prior to the killing. It is not entirely clear from the statements what had been said by the defendant and what had been said by Moten; but between the two, they related that together they had undertaken to rob a man on the street, that the defendant had knocked the victim to the ground with a blackjack, put the gun to his head, said "If you move I'll kill you.", and that the gun went off accidently, whereupon they dropped the blackjack and ran. The parties, by their briefing, appear to be in agreement that the statements above related were made by Moten, and we accept this version.

 It is the defendant's position that the only evidence from which premeditation or the commission of a robbery could be inferred consists of the above statements, which were hearsay that did not qualify under the "Patterson" exception as substantive evidence, because the declarant, Moten, was not in court and available for cross-examination. Defendant is correct in his assertion; however, the statement, although coming in through the "Patterson" door, and although not admissible as substantive evidence of the facts asserted, was admissible to show that the defendant was confronted with the accusation and that he tacitly admitted it. *Robinson v. State*, (1977) Ind., 365 N.E.2d 1218; *Diamond v. State*, (1924) 195 Ind. 285, 144 N.E. 466. Defendant complains that no cautionary instruction was given as to the limited consideration that should be given to such evidence, but he requested none, *Robinson v. State, supra,* and we do not agree that the court was obliged to give one sua sponte.

The circumstances surrounding the statement of Moten were such as to require a denial from a reasonable person. The parties present were discussing the whereabouts of the defendant's blackjack, and the

defendant had said that the police had it. They were aware of the homicide and that the police had found a blackjack at the scene. One of the recalcitrant witnesses, in his prior statement, had stated that when the defendant announced that the police had the blackjack, he asked them (Moten and the defendant) if they had killed that man, and they both laughed. The defendant's failure to respond to Moten's subsequent explanation, made in defendant's presence and hearing, the defendant's failure to deny it or to otherwise respond and his departure with Moten shortly thereafter was evidence from which the jury could infer that the defendant admitted Moten's accusatory statement.

We find no merit to the defendant's assertion that the admission of the statements denied him his rights to confront his accusers. With reference to the witnesses whose statements were admitted into evidence, they were present and subject to confrontation. *Patterson v. State, supra.* With reference to Moten, his credibility was never in issue.

### ISSUE II

Defendant's challenge to the sufficiency of the evidence presupposes that the aforementioned statements had been improperly admitted. That issue having been determined contrary to his position, it is unnecessary to treat this issue.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.