James Timothy JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S386.

Supreme Court of Indiana.

Dec. 22, 1986.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A bench trial resulted in a conviction of Murder. Appellant received a fifty (50) year sentence.

The facts are: At approximately noon on August 18, 1978, two swimmers found a body lying face down in the shallow water of the Elkhart River in Studebaker Park. At about 2:30 p.m., the parents of the victim identified the body. Aided by information supplied by the victim's mother, police officers were able to locate appellant later that afternoon.

Appellant subsequently gave four different statements. While being transported to the police station, he stated to the officers that although he knew the victim and had seen her the previous evening, he had left her alive at a downtown restaurant. At the station, however, he admitted that he had killed the victim. Initially, he told the officers that she had attacked him with a broken bottle and that in the ensuing struggle her throat was cut, causing her to fall into the river.

Upon being informed that the autopsy findings indicated that the wound had been caused by a knife or a razor, appellant gave a written statement in which he admitted that after taking a closed knife from the victim, he opened the knife and cut her throat. Appellant also stated that he and the victim had argued when he told her he was not going to see her again, that they had consumed a quantity of alcohol and marijuana and had had intercourse and that the victim had said derogatory things about him and his girl friend and had attacked him physically. He later gave an additional statement in which he admitted that he choked the victim with a braided belt before cutting her and also admitted that he held her face down in the river until she ceased struggling.

Dr. Fred Busse, a pathologist who assisted in the autopsy, testified that the cause of death was asphyxiation resulting from the inhalation of gravel and sand. Dr. Busse further testified that the cut had virtually severed the victim's left jugular vein and would have been a lethal injury absent the aspiration of the sand and gravel into the victim's pulmonary system.

Appellant first contends that he presented evidence of the mitigating factor of sudden heat which the State failed to rebut and therefore there was insufficient evidence to sustain his conviction for murder. He argues that the trial court should be ordered to enter a verdict of guilty of the lesser included offense of voluntary manslaughter.

Upon appellate review, this Court will look only to the evidence most favorable to the State and all reasonable inferences drawn therefrom. We will neither weigh conflicting evidence nor judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Sudden heat is a mitigating factor in conduct which would otherwise constitute murder. Ind.Code § 35–42–1–3; *Ronk v. State* (1984), Ind., 470 N.E.2d 1337. Whether or not a defendant acted in sudden heat is a question for the trier of fact

to resolve. *Ronk, supra.* In reviewing the resolution of that question, we look to the surrounding circumstances and the method of killing in order to determine the state of mind of the defendant. *Johnson v. State* (1980), 274 Ind. 193, 409 N.E.2d 621.

The sole evidence adduced at trial concerning the events which led to the death of the victim was provided by the statements given to the police by appellant. The other direct evidence concerning the crime itself was derived from the testimony of the pathologist.

Appellant points out that his statements indicate that the victim verbally and physically attacked him and consequently her words and actions caused him to lose control. He also points to the testimony of a psychologist who concluded, on the basis of interviews and testing, that appellant was "a rather impulsive, acting out, aggressive individual". In sum, appellant argues that his ingestion of drugs and alcohol, his immaturity and violent tendencies and the volatility of the situation combined to create the sudden heat contemplated by the statute.

■ Appellant's argument notwithstanding, we find that the trial court was justified in concluding that appellant did not act in sudden heat and that the evidence supported a verdict of guilty of murder. As conceded by appellant, the statements he gave to the police were contradictory, each revealing a greater degree of culpability. The pathologist's testimony indicated that the victim had multiple abrasions, had been choked with what apparently was appellant's belt, had received an otherwise lethal knife wound to the neck and had been forced to inhale sand and gravel to the point of asphyxiation. The court could thus conclude that there was not sufficient provocation to justify appellant's response. *Johnson, supra.*

Appellant next contends the trial court failed to find any mitigating circumstances and therefore abused its discretion in enhancing the presumptive sentence. He further asserts that the sentence is manifestly unreasonable.

■ If, in the exercise of its discretion, a trial court enhances the presumptive sentence, it is required to make a specific and individualized statement of its reasons for doing so. *Smith v. State* (1985), Ind., 485 N.E.2d 898. A finding of mitigating circumstances is made within the court's discretion and the court has no absolute duty to negative potentially mitigating factors. *Stark v. State* (1986), Ind., 489 N.E.2d 43.

■ Here, the court specifically found there were no mitigating circumstances, then proceeded to list the following aggravating circumstances: appellant's extensive prior criminal record; his past use and sale of drugs; his history of violence; his violations of institutional rules while incarcerated; and the extreme violence of the instant crime. We find no abuse of the court's discretion in enhancing the sentence and do not find the sentence to be manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2.

Appellant's final contention is that the trial court erred in admitting State's Exhibits Nos. 14, 15, 18 and 19A, which were autopsy photographs. He argues the photographs were irrelevant and inflammatory.

During the testimony of Dr. Busse, the prosecution offered the four photographs which depicted a person's hands holding the victim's removed lungs as well as transected portions of the victim's trachea. Appellant objected on the grounds that the photographs were unnecessary and prejudicial to the trier of fact. The prosecution countered by arguing that the photographs were illustrative of the doctor's testimony concerning the clogging of the organs in the pulmonary system.

Appellant argues that the prejudicial impact of the photographs outweighs any potential relevance and cites several cases in which this Court has disapproved of photographs which depict the victim's body as altered by the autopsy procedure. *See Loy v. State* (1982), Ind., 436 N.E.2d 1125;

*Warrenburg v. State* (1973), 260 Ind. 572, 298 N.E.2d 434; *see also Kiefer v. State* (1958), 239 Ind. 103, 153 N.E.2d 899.

■ Those cases addressed the prejudicial impact of such photographs on a jury but are inapplicable where, as here, the trial has been conducted before the court. Trial judges are required to pass judgment on all proffered evidence in the course of a trial, including out-of-court statements, confessions and gruesome photographs. We presume that a judge is able to dispassionately perform as the trier of fact despite being called upon to rule on evidence which may be deemed inadmissible or to examine photographs which would be unduly prejudicial if viewed by a jury. We therefore hold that the trial court did not err in admitting the controverted exhibits.

The trial court is affirmed.

All Justices concur.