**Tom M. SZPYRKA, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8808–CR–770.**

Supreme Court of Indiana.

Feb. 23, 1990.

Albert Marshall, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of four counts of Robbery, Class B felonies, for which he received sentences of fifteen (15) years each. The fourth count of Robbery was enhanced by thirty (30) additional years by reason of appellant's status as a habitual offender. The court ordered the sentences to run consecutively; thus appellant has a total sentence of ninety (90) years.

The facts are: From August 19 through August 27, 1987, appellant committed four armed robberies in Hammond, Indiana. At approximately 9:25 p.m. to 9:30 p.m. on August 19, 1987, a man entered DeLock's Liquors, pointed a twelve inch, double-barreled shotgun at Dawn Niksic and demanded money. He threatened to shoot Niksic if she moved. He escaped with $70 to $90 in cash.

Niksic gave a detailed description of the robber, including his build, estimated height, color of hair, and the fact that he was clean shaven except for a moustache. She also described in detail the clothing he was wearing and the fact that he was wearing sunglasses.

At about 6:00 p.m. on August 21, 1987, Niksic saw the same gunman enter the store as she was waiting on customers. The gunman lifted the right side of his jacket to reveal a gun. Niksic did not disclose the presence of the gunman because she was afraid he would take out the gun. The gunman told her, "You saw it, didn't you?" and "Just like before, hon." Niksic handed the robber $150 in bills. The gunman also took a package of Winston cigarettes and several cartons of Marlboro Lights. Niksic was positive in her identification that the gunman was the same person who had robbed her previously.

At approximately 8:42 p.m. on August 25, 1987, a gunman entered the Clark Service Station while Edie Slusarczyk was in attendance. The gunman pulled up his shirt to reveal a dark-colored gun on his right side and said, "Do what I say and you won't get hurt." Slusarczyk handed him $180 in bills from the cash register. Slusarczyk gave a detailed description of the gunman, which was remarkably similar to the description given by Niksic, including the clothing and the fact that the gunman was wearing sunglasses.

At 4:15 a.m. on August 28, 1987, a man entered Martin's Gas Station and asked for a gas can. The clerk, Thomas Keith, was inside an enclosed glass area of the gasoline station. He informed the man that he did not have a gas can and suggested that he look behind the station. The man left and returned a few minutes later with a plastic jug. He said, "I bet this glass is bulletproof, isn't it?" Keith replied, "Yes, it is." The man then displayed a double-barreled shotgun and remarked, "I'll bet this wall isn't." He ordered Keith to open the back door. Keith refused. The gunman threatened to shoot unless the door was opened. Keith unlocked the back door, and the gunman entered the enclosure and pointed the gun at Keith and Bob Ackerman who also was in the enclosure. Keith placed $200 in bills into a bag. Ackerman handed the gunman an additional $80 from another drawer. The gunman then left with the money.

Keith's description of the gunman was remarkably similar to the description given by the other two victims. Hammond police officers showed eight photographs to Keith, and Keith identified the photograph of appellant as the robber. At the time appellant was arrested, he had in his possession a T-shirt which fit the description of the shirt worn by the robber.

On August 30, 1987, Niksic, Slusarczyk, Keith, and Ackerman viewed a lineup of five individuals with similar physical characteristics, one of which was appellant. Each of the robbery victims identified appellant as the robber. The victims also identified appellant as the robber at trial.

■ Appellant claims the trial court erred when it denied his motion for mistrial after a police officer, who was a witness for the State, testified: "After I was as-

signed the case I went to the Calumet City Police Department and picked up a photograph of Thomas Szpyrka," whereupon appellant made a motion for mistrial on the ground that the officer's remark improperly indicated to the jury that appellant had a criminal record.

The trial judge recognized that the remark was improper and so instructed the jury and stated that the remark would be stricken from the record. The granting of a mistrial lies within the sound discretion of the trial court and will be reversed only upon a showing of clear error. *Rondon v. State* (1989), Ind., 534 N.E.2d 719.

We have held that the trial judge is in the best position to gauge surrounding circumstances and the potential impact on the jury. *Reno v. State* (1987), Ind., 514 N.E.2d 614. A mistrial is an extreme remedy which should be granted only when nothing else can rectify the situation. *Lee v. State* (1988), Ind., 531 N.E.2d 1165.

In the case at bar, appellant stood charged with four separate armed robberies and was positively identified by each of the victims of those robberies. Under these circumstances, it stretches credulity to believe that the jury could have been swayed to such an extent that except for the improper remark by the police officer appellant would have been acquitted.

Under very similar circumstances, this Court has held that the trial court's refusal to grant a mistrial was not reversible error. *Conley v. State* (1983), Ind., 445 N.E.2d 103.

Appellant contends the circumstances in the case at bar are similar to the circumstances in *Fox v. State* (1980), Ind.App., 399 N.E.2d 827, which case was reversed. However, an examination of that case discloses that extended questioning of the police officer by the prosecutor disclosed the fact that mug shots had been examined and that the photograph, which was identified, was that of appellant. The facts in *Fox* go far beyond the facts in the case at bar where no reference was made to mug shots and no reference was made to a prior criminal record. We hold that the admonition of the trial judge was sufficient, and a new trial was not called for under the circumstances.

Appellant claims that the State did not present sufficient evidence to prove him guilty beyond a reasonable doubt. Basically, he argues that each of the witnesses who identified him was so nervous and distraught during the robberies that the jury should not believe their identification. Even though each witness testified that they were fearful during the robberies, they each demonstrated a remarkable amount of poise in their ability to give detailed descriptions of the robber. It also is quite remarkable that those descriptions given by each were virtually identical.

The ability of the witnesses to perceive and the weight to be afforded the testimony of each witness was a decision to be made by the jury with which this Court will not interfere. *Moore v. State* (1987), Ind., 515 N.E.2d 1099; *Brendel v. State* (1984), Ind., 460 N.E.2d 919. The evidence in this case overwhelmingly supports the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.